521 So.2d 914 (1988)
Leroy M. REYNOLDS
v.
STATE of Mississippi.
No. 57572.
Supreme Court of Mississippi.
March 9, 1988.
Richard A. Smith, Greenwood, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal involves a prisoner's two-years-after-the-fact challenge to the validity and enforceability of his conviction of armed robbery entered upon his plea of guilt. Upon examination of the record, we find the plea to have been knowingly and voluntarily entered and that there is a substantial evidentiary basis undergirding the judgment of conviction entered thereon. Furthermore, the prisoner received more *915 than effective assistance of counsel incident to the plea and all prior proceedings. The judgment of the Circuit Court denying post-conviction relief is affirmed.

II.
Leroy M. Reynolds and a companion, Will Arthur Young, were arrested around 9:00 a.m. on January 11, 1983, almost seven hours after the armed robbery of a Shell-Go Station in Leflore County, Mississippi. The woman operating the station was able to give police the tag number of the car in which two robbers had escaped. The car, which had been stolen from the Mississippi Valley State University campus in Itta Bena, was spotted heading toward a field in the direction of the campus. The fugitive car attempted to ram two police cars and a high speed chase ensued during which time the car ran into a curve, breaking off a rear wheel. Reynolds and Young fled into a cotton field. Bloodhounds were procured and, with their aid, Reynolds and Young were apprehended some three hours and seven miles later in a ditch.
Upon being placed in a police car, Reynolds was read his Miranda rights.[1] Once at the police station, he waived his rights and confessed. Jon M. Barnwell, Esq., of the Greenwood, Mississippi Bar, was appointed to represent him.
Reynolds filed a pre-trial motion to suppress his confession. On the afternoon of March 26, 1983, the second day of the suppression hearing, Barnwell advised Reynolds that things were not going well. Reynolds agreed to consider a plea-bargain. By this time it had become apparent that Reynolds was a suspect in six other armed robberies. Barnwell explained to Reynolds his rights regarding the plea and, as well, his exposure to multiple, lengthy sentences if convicted of all of the robberies.
In this setting a plea bargain was struck. Reynolds would plead guilty to one armed robbery and to a separate charge of grand larceny. His sentence would be thirty-five years. The terms of the sentencing arrangement were explained in detail to Reynolds  thirty years with a mandatory ten years without parole and a five year sentence to run after the thirty. Young agreed and his plea was entered. The Circuit Court accepted the pleas, entered judgments of conviction on the two charges, and sentenced Reynolds as had been agreed.
On May 21, 1985, Reynolds filed with the Circuit Court of Leflore County a motion for post-conviction relief on the grounds that his guilty pleas were involuntary and the fault of ineffective assistance of his lawyer. A full evidentiary hearing was held on Reynolds' application. On September 18, 1985, the Circuit Court, after hearing and considering all of the evidence, denied all relief. Reynolds appeals from this decision.

III.
Reynolds first mounts a series of challenges upon the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-3 (Supp. 1985). Reynolds argues that this Act is unconstitutional and unenforceable for three separate reasons: (1) it constitutes a suspension of the writ of habeas corpus in violation of Miss. Const.Art. 3, § 21 (1890), thereby depriving him of due process of law, (2) that it somehow constitutes invidious discrimination denying to him the equal protection of the laws, and (3) that the statute infringes upon the inherent rule-making powers of this Court.
The short answer is that Reynolds is without standing to raise any of these issues. We have carefully considered Reynolds' claims in light of the various provisions of the Post-Conviction Relief Act. We find no provision of that Act which has in any way disadvantaged him. More specifically, Reynolds has pointed to no right, privilege or opportunity that has been denied him by the Post-Conviction Relief Act but which he would have enjoyed had the Act never been passed.[2]
*916 The record reflects that the Circuit Court afforded Reynolds a full evidentiary hearing on his claim for post-conviction relief. That claim was denied on its merits, not by reason of any provision of the Post-Conviction Relief Act which would not have been enforceable against Reynolds had that Act never been passed.

IV.
Reynolds argues the absence of an evidentiary basis for the judgment of conviction entered upon his plea.[3] Subordinate to that, he says his plea was not knowingly and voluntarily entered. In support Reynolds tells us that his answers to the judge at the time he pleaded guilty were equivocal; "he did not readily admit the elements of either the crime of grand larceny or armed robbery. He in fact never testified to his own version of what crime actually took place."
The Constitution does not allow contract pleas. To be sure, there are superficial analogies between a contract bargain and a plea bargain. See McFee v. State, 511 So.2d 130, 133 (Miss. 1987); Edwards v. State, 465 So.2d 1085, 1086 (Miss. 1985); Allen v. State, 465 So.2d 1088, 1090 (Miss. 1985); and Salter v. State, 387 So.2d 81, 84 (Miss. 1980). Still, some factual basis for the defendant's guilt is an essential part of the constitutionally valid and enforceable decision to plead guilty. Oaks v. Wainwright, 445 F.2d 1062 (5th Cir.1971). That evidentiary basis is the analogue of consideration in private contract law.
In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the guilty plea coupled with evidence from three witnesses was a sufficient basis for accepting the plea even though it was accompanied by a protestation of innocence. We reached an analogous result in Houston v. State, 461 So.2d 720 (Miss. 1984). There the defendant pleaded guilty to murder but first maintained that he had only accompanied the actual murderer. In a later attempt to vacate this plea, the Court noted that the ambiguity in the defendant's statements was "not sufficient to render involuntary his plea of guilty." 461 So.2d at 723. As noted in Alford, "it is not error to accept a plea of guilt despite the defendant's protestations of innocence where `there exists substantial evidence of the defendant's guilt.'" See also United States v. Gaskins, 485 F.2d 1046 (D.C. Cir.1973) ("It is an abuse of discretion to refuse a guilty plea solely because the defendant does not admit the alleged facts of the crime when there exists `strong factual evidence' implicating him.")
Voluntariness is a separate matter. In Gilliard v. State, 462 So.2d 710, 712 (Miss. 1985), the Court stated:
In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understands the charge, how it involves him, the effects of a guilty plea to the charge and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).
In Gilliard, the defendant maintained that he told his attorney repeatedly that he had killed the victim accidentally but that he pleaded guilty because his attorney told him to do so. This Court examined the defendant's colloquy with the judge at the time of the plea as well as the rest of the record. We found that the defendant had conferred with his attorney at some length and that the defendant had full knowledge of the charge against him, as well as the *917 elements of the charge and the possible consequences.
Our law supplements the constitutional mandates equally enforceable by court rule. Rule 3.03(2), Miss.Unif.Crim.R.Cir. Ct.Prac. (1979), provides
(2) Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements. A showing that the plea of guilty was voluntary and intelligently made must appear in the record.
In sum, admission of guilt is not a constitutional requisite of an enforceable plea. Knowing and voluntary action by the accused is, and, as well, an independent evidentiary suggestion of guilt.
At Reynolds' plea hearing, the Circuit Court questioned him carefully. When Reynolds equivocated on his complicity in the crimes charged, the Court questioned him more pointedly, going so far as to tell him exactly what was required for him to enter a plea of guilty. The record reflects that Reynolds did eventually fully admit his guilt. Beyond this, the prosecutor offered a concise statement of facts to establish the crime, the investigation, and the apprehension of Reynolds and his co-defendant Young.
At the PCR hearing, the attorney who represented Reynolds at his plea hearing testified that he recommended the plea only after it was clear Reynolds was going to lose the suppression hearing. The attorney testified he explained the sentences as well as the provision for no parole for ten years. He explained that he and the attorney for Young were very careful explaining the terms of the sentence so there would be no misunderstanding. He stated that normally he would hesitate recommending a sentence of thirty years, "but when you got nine indictments against you for armed robbery, and a couple more indictments on other felonies... ."
All of this, coupled with Reynolds' pre-trial confession, is more than sufficient to satisfy Rule 3.03 and the Constitution as well. The assignment of error is denied.

V.
Reynolds next challenges the validity and enforceability of the judgment of conviction entered against him on grounds that he received ineffective assistance of counsel incident to his plea of guilty.
At the post-conviction hearing, Jon M. Barnwell, the attorney who represented Reynolds on the guilty plea, testified that there were eight to nine armed robbery charges against his client as well as one for receipt of stolen property and one for grand larceny of an automobile. Barnwell had prepared for the suppression hearing by reviewing the file, doing research, and interviewing some people. When it looked as though the statements admitting guilt would not be suppressed, negotiations with the prosecution began over a plea bargain.
Barnwell explained Reynolds' rights to him and, as well, the offer by the prosecution, specifically including the provision that Reynolds would have no opportunity for parole for ten years. Barnwell testified that he and Leland Jones, Young's attorney, explained this to both defendants several times to be sure that there would be no misunderstanding.
Undaunted, Reynolds urges that his attorney's performance fell below the standards required in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He alleges that his lawyer failed "to investigate the facts of the case sufficiently to show that Appellant had been forced by the Leflore County Sheriff's Department to sign confessions indicating Appellants' involvement in certain crimes," that he advised Reynolds "that a trial on the merits would be futile and Appellant [Reynolds] would receive" life sentences; earned time was not explained to him nor did his attorney explain the ten years without parole provision or that thirty years had been recommended by the State.
Horsefeathers!
In a case similar to the one at bar, in the sense that it involves an appeal from a *918 denial of post-conviction relief after an evidentiary hearing on the matter, this Court set out the standard for reviewing such cases. "We will not set aside such a finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made." Merritt v. State, 517 So.2d 517, 520 (Miss. 1987). About Merritt's allegations of ineffectiveness, the Court noted the alleged omissions were either "within the realm of legitimate trial strategy" or "of such insufficient moment that the integrity of the trial or our confidence in the correctness of its outcome has not been shaken." Merritt, 517 So.2d at 520. In both Merritt and Neal v. State (No. DP-36, dec. Sept. 23, 1987) (not yet reported), the Court emphasized that the standard by which trial counsel is to be measured is an objective one. "As life and liberty are at stake, there is no place for a locality rule in right to counsel jurisprudence." Neal, slip op. at p. 5. The reasonableness of counsel's performance, however, must be measured "on the facts of the particular case viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066; King v. State, 503 So.2d 271, 274 (Miss. 1987).
In the end, when a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea. See Odom v. State, 498 So.2d 331, 333-34 (Miss. 1986); Coleman v. State, 483 So.2d 680, 682-83 (Miss. 1986).
Here the Circuit Court found that counsel's effectiveness met constitutional minimums. Upon our review of this finding of ultimate fact, we conclude first that there is in the record substantial credible evidence supporting it. Beyond this, a review of the entire proceedings in no way causes the belief in our judicial minds that, in finding counsel constitutionally effective, the Circuit Court has made a mistake or committed an error.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] See Rule 1.03, Miss.Unif.Crim.R.Cir.Ct.Prac. (1979).
[2] For example, Reynolds complains of the three year statute of limitations found in the Post Conviction Relief Act. The record reflects, however, that Reynolds entered his plea on March 26, 1983. His application for post-conviction relief was filed on May 21, 1985. Assuming arguendo that there may be a problem with the three year statute of limitations (which, to be sure, did not exist before enactment of the Post-Conviction Relief Act), this has in no way harmed Reynolds, as his claim was filed well within the three year period.
[3] The singular "plea" refers to both pleas: to armed robbery for which Reynolds was sentenced to thirty years and to grand larceny for which he was given an additional five year sentence.