# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00927-SCT

*DERIC JONES*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | NOVEMBER 29, 1994 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Deric Jones appeals the denial of his motion to vacate or set aside his guilty plea to the armed robbery and murder of Luther Wilson Roberts. The Circuit Court of Leake County, Judge Marcus D. Gordon, accepted Jones' plea and sentenced Jones to life imprisonment for the plea to murder and forty (40) years for the plea to armed robbery, with both sentences to run concurrently. Subsequently, Jones filed a motion to vacate and set aside the conviction, in which he alleged he had been intimidated and coerced by his attorneys, James E. Smith, Jr. and Robert N. Brooks, into pleading guilty to crimes of which he was innocent. Following an evidentiary hearing, the motion to vacate was denied. On January 23, 1995, Jones filed this appeal.

Aggrieved by the disposition below, Jones alleges the following issue as error:

## STATEMENT OF THE ISSUE

**I. WHETHER THE TRIAL COURT ERRED IN DETERMINING JONES HAD FREELY AND VOLUNTARILY ENTERED THE GUILTY PLEA?**

## STATEMENT OF THE FACTS

On January 8, 1992, Deric Jones was indicted for the armed robbery and murder of Luther Wilson Roberts. On June 24, 1992, Jones pled guilty to both charges in the Circuit Court of Leake County. During the plea hearing Jones stated that he was entering a guilty plea to the crimes of murder and armed robbery; he had personally completed the petition to plead guilty; he understood all of the questions contained in the petition; and he had truthfully answered all of the questions. Jones expressly admitted his guilt to the murder and armed robbery of Roberts. Further, Jones stated no one had promised him anything to persuade him to plead guilty; no one had threatened him with violence in order to persuade him to plead guilty; and he had not been intimidated in any way by anyone. Specifically, Jones stated his attorneys did not influence his decision to plead guilty nor did his attorneys tell him to plead guilty. Jones stated that he was satisfied with his counsel's representation in the matter, that he had no complaint against his counsel, and that he decided to plead guilty without any influence from his counsel. The trial court went on to inform Jones of his constitutional rights, and the minimum and maximum sentences for the charged crimes. After hearing the State's recommendation for punishment, Jones stated he still wished to enter the guilty plea. The trial court stated:

> The Court will accept the plea of Deric Jones. I am of the opinion it is a free and voluntary plea, and I am of the opinion that he understands what he is doing. Also, I am very impressed by the intelligence of the defendant, for I feel that he has made a knowledgeable presentation to the court. That he is aware of the involvements of entering a plea of guilty to the crimes for which he has entered his plea, and that he has freely admitted his guilt. It is my opinion from the statements of this defendant, that he is also guilty of the offenses for which he has entered his plea.

On April 4, 1994, Jones filed a motion to vacate and set aside the plea and sentence, in which he alleged his counsel intimidated and coerced him into pleading guilty. On November, 29, 1994, an evidentiary hearing was held to hear evidence and testimony by Jones, Smith and Brooks.

Smith and Brooks both testified that the State complied with discovery requests; that counsel interviewed all of the State's witnesses; that the charges were thoroughly explained to Jones; that counsel met with Jones on eighteen (18) separate days to discuss the case; that counsel did not intimidate Jones to persuade him into pleading guilty; that counsel did not tell Jones that if the case went to trial he would definitely receive the death penalty; that Jones did not appear confused or incapacitated; that counsel explained all evidence, both good and bad, to Jones; that counsel attended and tape recorded Jones' preliminary hearing; that counsel informed Jones of the minimum and maximum punishment for which he had been charged and which Jones appeared to have understood; that counsel informed Jones that physical evidence existed linking Jones to the crimes; that counsel did not tell Jones to plead guilty or that a plea was in his best interest; that counsel did not induce

Jones to plead guilty; that counsel explained to Jones the rights he would waive by entering a guilty plea and that Deric Jones made the decision to plead guilty. Jones declined to testify in support of his position. Thereafter, the trial court denied Jones' motion.

## DISCUSSION OF THE ISSUE

### I. WHETHER THE TRIAL COURT ERRED IN DETERMINING JONES HAD FREELY AND VOLUNTARILY ENTERED THE GUILTY PLEA?

Jones contends his guilty plea was not voluntarily given because he had told his counsel that he did not wish to plead guilty. Jones contends he pled guilty after his counsel told him the plea was in his best interest.

Although not alleged before the trial court, Jones now contends his mother told him to plead guilty. Miss. Code Ann. § 99-39-21 (1) states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the State of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Jones failed to raise coercion by his mother as an issue at the plea hearing and at the evidentiary hearing in which he refused to testify. Pursuant to § 99-39-21 this argument has been waived by Jones and therefore barred from review by this Court.

This Court will not set aside a decision of the trial court after an evidentiary hearing on a request for post-conviction relief unless the finding by the trial court is clearly erroneous. *Tokman v. State*, 564 so. 2d 1339, 1341 (Miss. 1990); *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988). Both Smith and Brooks testified they did not coerce or threaten Jones to persuade him to plead guilty. Instead, they both testified Jones was informed of the evidence, both good and bad, to his case; that they allowed Jones to make the decision to plead guilty on his own; and that Jones was informed he may be given the death penalty if he were convicted at trial. Further, Jones refused to testify at the hearing to offer evidence of the coercion by his counsel. The testimony at the evidentiary hearing directly refuted Jones' contentions as set out in the motion to vacate the plea and sentence. Thus, the trial court was not clearly wrong and this issue is without merit.

## CONCLUSION

Jones pled guilty to murder and armed robbery. Subsequently, he alleged his counsel had coerced and intimidated him into pleading guilty. An evidentiary hearing was held in which the only testimony given directly refuted Jones' contentions. The issue raised by Jones is without merit and the trial court's denial of the motion to vacate is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**