# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KA-00468-SCT

*LOUIS H. PETERS, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/95 |
| TRIAL JUDGE: | HON. KOSTA VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/21/97 |
| MOTION FOR REHEARING FILED: | 9/11/97 |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

Louis H. Peters, Jr., was indicted on three separate charges of selling or transferring cocaine. The third indictment alleged that Peters sold over five ounces of cocaine and called for enhanced punishment under Miss. Code Ann. § 41-29-139 (f)(iii), which provides for a sentence of life without parole for the sale or transfer of more than two ounces of cocaine in a twelve-month period. Peters pled guilty on all three counts. The trial court accepted the State's sentencing recommendation, and Peters was sentenced to thirty years on each count to run concurrently.

Thereafter, Peters petitioned for post-conviction relief and received an evidentiary hearing. Peters alleged that his plea was involuntarily entered and that he received ineffective assistance of counsel, because his attorney told him he would only be sentenced to a maximum of one year in prison. This allegation is contradicted by the record, which indicates that Peters was clearly and correctly advised

regarding sentencing by his attorney and by the trial judge. Peters acknowledged that he understood. Therefore, his argument to the contrary is without merit, and the judgment of the trial court denying post-conviction relief is affirmed. *See Mowdy v. State*, 638 So. 2d 738, 743 (Miss. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63 (1977) ("'Solemn declarations in open court carry a strong presumption of verity.'"); *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990) (petitioner who testifies at plea hearing that he understands sentence cannot later claim that he did not understand); and, *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988) ( trial judge's decision on post-conviction relief motion after evidentiary hearing will not be set aside unless "clearly erroneous").

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**