# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-01130-SCT

*JOHN LEWIS HOUSTON a/k/a JOHN L. HOUSTON, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/96 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: 1/6/1998 | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On September 23, 1996, the Circuit Court of Alcorn County denied John Houston's motion for post-conviction relief. Aggrieved Houston appeals to this Court assigning as error the following issues:

> **I. WHETHER THE TRIAL COURT ERRED IN DISMISSING HOUSTON'S MOTION TO CORRECT , MODIFY, AND REDUCE HIS SENTENCE WITHOUT GRANTING HIM AN EVIDENTIARY HEARING.**

> **II. WHETHER HOUSTON'S GUILTY PLEA WAS VOLUNTARILY MADE.**

# FACTS

On June 7, 1995, John Houston pled guilty to Burglary and Larceny of a Building in violation of Mississippi Code Annotated § 97-17-33. The Circuit Judge of Alcorn County sentenced Houston to seven years in the Mississippi Department of Corrections to run concurrently with a sentence he was then serving in Jefferson County, Alabama. On October 18, 1995, Houston filed a Petition to Clarify Sentence in which he asked the Court to release him to the Alabama Department of Corrections or the Jefferson County Sheriff's Department. The Court denied this motion stating that it did not have jurisdiction to modify the sentencing order.

# DISCUSSION

## I. WHETHER THE TRIAL COURT ERRED IN DISMISSING HOUSTON'S MOTION TO CORRECT, MODIFY, AND REDUCE HIS SENTENCE WITHOUT GRANTING HIM AN EVIDENTIARY HEARING.

Houston claims that the circuit court judge promised him that he would be moved to Alabama to serve his sentence. However, nothing in the record indicates that the trial judge promised Houston that he would be transferred to Alabama. When the judge sentenced Houston, he made no mention of Houston serving his sentence in Alabama. To the contrary, the judge stated that he was sentencing Houston to the Mississippi Department of Corrections to serve at a facility designated by the department. This Court has held that a sentence must be definite at its imposition. *Payne v. State*, 462 So.2d 902, 906 (Miss. 1984); *Denton v. Maples*, 394 So.2d 895 (Miss. 1981). The judge in this case imposed a definite sentence and that sentence was to be served in the Mississippi Department of Corrections. Thus, the trial judge was correct when he denied the Motion to Modify the sentence claiming that the court no longer had jurisdiction. We find Houston's claim to be without merit. Therefore, we hold that he is not entitled to an evidentiary hearing.

## II. WHETHER HOUSTON'S GUILTY PLEA WAS VOLUNTARILY MADE.

Houston also asserts that his plea was involuntary. The standard for determing if a guilty plea was entered voluntarily was set out in *Reynolds v. State*, 521 So.2d 914, 916(Miss. 1988) *(citing Gilliard v. State,* 462 So.2d 710,712 (Miss. 1985)). In *Reynolds*, this Court held that a defendant must have "full knowledge of the charge against him, as well as the elements of the charge and the possible consequences." *Reynolds*, 521 So.2d at 916-17. The trial judge in this case specifically told Houston of the sentence he was facing, his options should he wish to go to trial, and the rights that he was waiving by pleading guilty. Houston indicated that he understood his rights and the implications of pleading guilty.

Houston now maintains that the trial court did not inform him of the minimum mandatory sentence provided for his offense. He states that in order for a guilty plea to be deemed voluntary, Rule 3.03 of the Uniform Rules of Circuit Court Practice requires that the defendant be informed of both the minimum and maximum sentences provided by law. Rule 3.03 of the Uniform Rules of Circuit Court Practice has now been replaced by Rule 8.04 of the Uniform Circuit and County Court Rules, and Houston is correct in his assertion that this rule mandates that the judge inform the defendant of the minimum and maximum penalties provided for an offense. URCCC, Rule 8.04(4)(b). Houston's

contention that the trial judge failed to advise him of the minimum sentence is also correct. The reason for this is because there is no minimum sentence for burglary of a building other than a dwelling. Miss. Code Ann. § 97-17-33(1994). This Court has held that when a statute does not specify a minimum sentence, the judge is not required to advise the defendant that the minimum sentence he faces is zero. **Bevill v. State**, 669 So.2d 14, 18-19 (Miss. 1996). Therefore, the trial court's failure to inform Houston of a "minimum sentence" was not an error and does not render Houston's plea involuntary.

Houston also argues that his plea was involuntary because he was induced to plead guilty by the district attorney who bargained with Houston and promised that if he pled guilty he would serve his time in Alabama not Mississippi. Houston did not allege any agreement with the district attorney to the trial judge at the sentencing hearing. In fact, the judge specifically asked Houston if any promises had been made to him or if he had been induced in any way to plead guilty. He replied that no promises were made to him nor was he induced to plead guilty. Indeed, the record contradicts rather than supports Houston's allegation of a deal between himself and the district attorney. This Court will presume the ruling of the trial court was correct unless the record supports a contrary view. **Shelton v. Kindred**, 279 So.2d 642, 644 (Miss. 1973). Houston's argument that his plea was involuntary is not supported by the record, and therefore, must fail.

## CONCLUSION

This Court finds no merit among Houston's assignments of error, and would therefore affirm the lower court's denial of Houston's Motion to Modify His Sentence.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**