SOUTHWICK, P.J.,
for the Court:
¶ 1. James Orlando Houston pled guilty in 1996 to robbery and murder. In 1998, *696 Houston moved to withdraw his guilty plea, stating that he confessed only because the sheriff threatened to kill him. The trial judge found no credible evidence of such a threat and denied the motion. We affirm.
FACTS
¶ 2. Tosha Elaine Little was working at the Dixie Convenience Store in Decatur, Mississippi, on the afternoon of August 4, 1996, when the store cameras photographed Houston entering the store. No evidence of a crime appeared on the videotape, but some time later her body was found in a back room of the store. She had been robbed and shot to death. Officers from the Newton County Sheriffs Department arrested Houston and charged him with the murder and robbery.
¶ 3. According to Houston, before he was assigned counsel, Sheriff Jackie Knight visited him about 10:00 P.M. in his cell and told him that if he would not sign a confession and enter a guilty plea to the charges, he would kill Houston and tell his mother that Houston was killed while trying to escape. Houston also alleges that Knight and several other persons visited his cell together in the early hours of the morning and made veiled threats about what would happen to him if he did not confess and plead guilty.
¶ 4. Houston says he was taken to a room in the Sheriffs Office and ordered to write out his confession to the crimes of murder and robbery. He said he began writing, but the sheriff was not satisfied with the writing and crumpled it up, telling Houston to write down what the sheriff dictated. According to Houston, Sheriff Knight again became frustrated with his attempts to write the confession and crumpled up the second attempt. Houston alleges that Knight then wrote out the confession himself and repeated his threat that he would kill Houston if he did not sign. Houston says he signed the confession, believing his life to be in danger if he did not. At the February 20, 1997 arraignment, Houston pled guilty, and the record indicates that the trial court examined him as to his understanding of his rights and the consequences of a guilty plea. However, Houston now claims his continuing fear of the sheriff motivated him to plead guilty.
¶ 5. At the April 20, 1999 hearing on Houston’s motion for leave to withdraw his plea of guilty, Sheriff Knight told a different story. He testified that he knew Houston could read and write, and that he preferred that when defendants are literate that they write their own confessions. However, in this ease, the sheriff said that he wrote the words in the body of the confession and that Houston signed the confession. Knight denied making any threats or employing any coercive tactics to get Houston to confess. The court denied Houston’s motion on May 13, 1999.
DISCUSSION
¶ 6. Houston’s only appellate issue is a claim that he adequately proved that his confession and guilty plea were coerced by the sheriff.
¶ 7. On one precedent, the appellant claimed that his attorney coerced him into entering a guilty plea. Kirksey v. State, 728 So.2d 565, 566 (Miss.1999). The circuit court denied post conviction relief, finding that the record supported that Kirksey’s plea was given voluntarily and intelligently. Id. The Supreme Court agreed that there was “sufficient evidence in the record by which to determine that Kirksey understood the consequences of entering a plea of guilty, including the range of the possible sentence to be imposed and the constitutional rights he was giving up.” Id. at 567.
¶ 8. The Kirksey court employed a “strong presumption of validity of anyone’s statement under oath.” Id., (quoting Taylor v. State, 682 So.2d 359, 364 (Miss.1996)). Kirksey had the opportunity to but never did inform the trial court that his attorney had advised him to plead *697 guilty, and that he had been informed that if he went to trial, he would get a mandatory sentence of thirty years. Id.
¶ 9. We employ that same presumption of validity here for Houston’s sworn testimony at his guilty plea hearing. He was carefully examined before his plea was accepted. The trial judge asked several questions regarding the voluntariness of the confession and the guilty plea. He was specifically asked if he had been threatened or intimidated in any way, and he denied that. The court described the rights that would be waived by a guilty plea. After all was explained, he invited Houston to ask any questions regarding these explanations. Houston had none.
¶ 10. A new hearing was held on April 20, 1999, on Houston’s motion to withdraw his plea of guilty. Both Houston and the sheriff testified. The sheriff explained his recollections of the circumstances surrounding Houston’s confession. The sheriff denied any coercion or threats. There was nothing implausible or unbelievable about the sheriffs testimony, nor any reason that the trial court would have had to reject it. The judge found the sheriffs version of events more credible and that was not a clearly erroneous finding.
¶ 11. To support his argument, Houston relies on the dissent from one precedent, although we were not informed by Houston’s brief that this material is from the dissent. Complete candor in a brief is required — perhaps our adversarial system does not require the whole truth from a party, but certainly it demands nothing but the truth.
“Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception or improper inducement.” The requirements of the above paragraph are of course absolute, and a violation of its provisions would clearly be prejudicial to a defendant.
Vittitoe v. State, 556 So.2d 1062, 1066 (Miss.1990) (Hawkins, J., dissenting), (quoting U.R.C.C.P. 3.03(2); now U.C.C.C.R. 8.04 A. 3).
¶ 12. We find no basis from Vittitoe to reverse. The transcript of the guilty plea hearing reveals that Houston was properly informed of his rights, that questions were asked to assure that the plea was voluntary, that the crime and the range of punishments were described, and a proper factual basis for the crime was described. There is a factual dispute about whether the confession and plea were induced by threats. Based on contested evidence, the court found no coercion.
¶ 13. “The standard of review after an evidentiary hearing in post conviction relief cases is well-settled: We will not set aside such a finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made.’ ” Rochell v. State, 748 So.2d 103, 109 (Miss.1999) (quoting Reynolds v. State, 521 So.2d 914, 917-18 (Miss.1988)).
¶ 14. Rochell argued that his plea was a result of “fear and other improper inducements” by his attorneys. Rochell, 748 So.2d at 109. Here, Houston claims similar coercion by the sheriff. In finding that the trial judge did not abuse his discretion in denying Rochell’s claim for post conviction relief, the supreme court quoted from Madden v. Rhodes, 626 So.2d 608, 625 (Miss.1993)(citing Culbreath v. Johnson, 427 So.2d 705, 708 (Miss.1983)).
The trial judge saw these -witnesses testify. Not only did he have the benefit of their words, he alone among the judiciary observed their manner and demean- or. He was there on the scene. He smelled the smoke of battle. He sensed the interpersonal dynamics between the lawyers and the witnesses and himself. These are indispensable.
*698 ¶ 15. Reviewing the transcripts, we are satisfied that the circuit court carefully heard and weighed the testimony of Houston and the sheriff. Within the range of discretion given the trial judge on fact-finding, we find no error. Therefore, we affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.