876 So.2d 1032 (2004)
Richard C. RAY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00170-COA.
Court of Appeals of Mississippi.
June 1, 2004.
*1034 Richard C. Ray, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Richard Ray filed a motion for post-conviction collateral relief on July 19, 2002. The circuit court dismissed the petition without an evidentiary hearing on December 20, 2002. Feeling aggrieved, Richard appeals and cites the following errors:
1. THE TRIAL JUDGE ERRED IN ACCEPTING RICHARD'S GUILTY PLEA OF ARMED ROBBERY.
2. WHETHER RICHARD'S GUILTY PLEA WAS INVOLUNTARY.
3. WHETHER RICHARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
4. WHETHER THE POLICE EXHIBITED BIAS AND PREJUDICE TOWARDS RICHARD AND WHETHER THE POLICE WITHHELD HIS VOLUNTARY CONFESSION FROM DISCOVERY.

FACTS
¶ 2. On or about February 6, 1999, Richard Ray and his brother, Anthony Ray, stole a car in Grenada, Mississippi. The brothers traveled north to Panola County and decided to rob the Standard Grocery Store. Richard entered the store with a gun and demanded all of the money in the cash register. The owner, Patsy Murphree, complied with Richard's command. The brothers were subsequently arrested in Memphis, Tennessee and each brother confessed to the crime.
¶ 3. Richard and Anthony were indicted on July 8, 1999, for the felonies of conspiracy and armed robbery. On August 5, 1999, Richard appeared before the Circuit Court of Panola County and petitioned the court to accept his plea of guilty to the charge of armed robbery. In exchange for Richard's plea, the State agreed to dismiss the conspiracy count, and to recommend a total sentence of thirty years, with fourteen to serve and sixteen to be suspended.
¶ 4. Richard was placed under oath prior to responding to the circuit court's questions. Richard testified that no one had promised him leniency if he entered a plea of guilty, and that no one had coerced or intimidated him in order to force him to plead guilty. Richard admitted that he had forcibly taken the sum of two hundred dollars from Murphree by putting her in fear of immediate bodily injury through the exhibition of a deadly weapon, specifically a handgun.
¶ 5. The prosecutor stated the evidence would show that Richard committed armed robbery after he entered the Standard Grocery Store, exhibited a handgun, and ordered Murphree to give him the money in the cash drawer. The State would also prove that Richard was subsequently arrested in Memphis, Tennessee and that he confessed the Panola County robbery to the police. The State also alleged there was evidence that Richard had admitted his guilt of the robbery to two other persons who were not involved in law enforcement. Murphree was also prepared to identify Richard as the person who robbed her.
¶ 6. The trial court asked Richard whether he heard the prosecutor's statement of what evidence the State possessed of his guilt, and whether he agreed with *1035 that evidence, to which Richard responded affirmatively. Murphree then testified to Richard's actions and the effect they had on her.
¶ 7. Richard was also asked by the trial judge whether he was satisfied with his attorney's representation. Richard responded in the affirmative. After Richard was given a thirty-year sentence for armed robbery, Richard decided to deny that he was in possession of a handgun during the robbery. Richard told the court that he only had a piece of aluminum in his hand during the robbery.
¶ 8. The trial judge then instructed Richard to take the witness stand. Richard denied that he possessed a firearm during the robbery. However, Richard admitted that when he held the piece of aluminum in his hand during the robbery that he intended to make Murphree believe he was armed with a weapon.
¶ 9. The prosecution was then instructed by the court to read Richard's confession where he admitted to having possessed a gun during the robbery. Afterwards, Richard testified that he made up that part of his confession in order to keep his friends from being arrested. However, Richard did admit numerous times during the questioning that it was his intention to make Murphree believe he was armed and would hurt her if she did not give him the money.
¶ 10. The circuit court then accepted the prisoner's guilty plea and sentenced him to a total sentence of thirty years, with fourteen to serve and sixteen to be suspended. Richard filed a motion for post-conviction relief which was denied by the circuit court.

1. THE TRIAL JUDGE ERRED IN ACCEPTING RICHARD'S GUILTY PLEA OF ARMED ROBBERY
¶ 11. The United States Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), held that "[w]here a plea of guilty has been intelligently and voluntarily entered, it is sufficient to undergird an unassailable final judgment of conviction."
¶ 12. Uniform Circuit and County Court Rule 8.04(A)(3) requires that a court determine that "there is a factual basis for the plea." Mississippi case law does not require that a defendant admit every aspect of a charge against him. Instead, a guilty plea may be considered valid even though the defendant makes only a "bare admission of guilt," so long as the trial court delves beyond that admission and determines for itself that there is substantial evidence that the defendant actually committed the crimes charged. Gaskin v. State, 618 So.2d 103, 106 (Miss.1993). In some cases, it is not necessary for a defendant to admit guilt in order for a guilty plea to be accepted by the trial court. Corley v. State, 585 So.2d 765, 767 (Miss.1991). A defendant's guilty plea is sufficient if it is a voluntary and knowledgeable plea with an "independent evidentiary suggestion of guilt." Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). Therefore, a court may accept a plea if the court is satisfied that there is evidence such that the State, if so required, could prove the defendant's guilt of the crime charged. Corley v. State, 585 So.2d at 767 (citing U.S. v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).
¶ 13. The record does not suggest that Richard was offered any hope of reward for entering his plea of guilty, or that he was coerced, threatened or intimidated into making it. To the contrary, the circuit court interrogated Richard thoroughly and carefully explained to him all of the constitutional protections available to him as well as the ramifications of entering a *1036 guilty plea. Afterwards, Richard was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with fourteen years to serve and sixteen years to be suspended.
¶ 14. Immediately following the imposition of the prison sentence, Richard denied that he possessed a handgun during the robbery. The trial judge instructed Richard to take the witness stand in order to question him concerning the handgun. Richard testified that he did not possess a handgun and told the court that he had made the story up in order to keep his friends from getting arrested. However, Richard did admit that he intended to put the store clerk in fear by allegedly exhibiting a piece of aluminum. Richard also admitted upon further questioning that he intended to rob the store when he entered it. Therefore, it was not necessary that Richard admit to specifically possessing a handgun during the robbery because the State had already established an abundance of independent evidence of guilt to support the plea bargain. Reynolds, 521 So.2d at 917.
¶ 15. This Court finds that Richard's guilty plea was accepted by the trial court after Richard's sentence was imposed upon him. Richard denied the use of a handgun in the robbery only after it became apparent that a thirty-year sentence would be imposed upon him. See Corley, 585 So.2d at 766 ("no law requires that the accused admit his guilt before the court may accept his plea"); Reynolds, 521 So.2d at 917 (Miss.1988) ("admission of guilt is not a constitutional requisite of an enforceable plea"). Richard was also represented by counsel at the plea hearing. At no time during the proceedings did Richard express a desire to withdraw his guilty plea or a desire to demand a trial on the merits.
¶ 16. There was an abundance of evidence that supported the charge of armed robbery by the exhibition of a deadly weapon. The State provided Richard's confession to the court where he admitted to possessing a handgun during the robbery. The victim also testified at the plea hearing that Richard possessed a gun during the robbery. There were two other witnesses who were available to testify that Richard admitted to robbing the store with a handgun if the case had gone to trial. Therefore, Richard's guilty plea is valid notwithstanding his denial of the possession of a handgun.

2. WHETHER RICHARD'S GUILTY PLEA WAS INVOLUNTARY.
¶ 17. The standard of review pertaining to voluntariness of guilty pleas is well settled: "[t]his Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." House v. State, 754 So.2d 1147, 1152 (¶ 22) (Miss.1999). "The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence." Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct.App.2002). A plea is considered "voluntary and intelligent" only if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 18. The record does not support Richard's claim that his guilty plea was involuntary. The transcript from Richard's plea hearing clearly shows that he was informed of his constitutional rights and those he was waiving by pleading guilty. The transcript also shows that Richard was told the maximum sentences that he could receive for the crimes with which he was charged. Richard affirmed to the judge that he was satisfied with the advice and counsel of his attorney. "Great *1037 weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999) (quoting Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1994)). Richard also signed a petition to plead guilty. Even though other defendants were present at the same time Richard was pleading guilty, Richard was adequately informed of the implications of his guilty plea. Richard has not met his burden of proof.

3. WHETHER RICHARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 19. Richard also claims that he did not receive effective assistance of counsel. He argues that his lawyer forced him to enter a plea of guilty to armed robbery. He claims that his lawyer did not inform him of what exactly constitutes a deadly weapon under the law. When evaluating claims of ineffective assistance of counsel, this Court applies the standard set out in Strickland v. Washington, 466 U.S. 668, 680, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991).
¶ 20. Richard must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. When a defendant enters a plea on the advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard if it falls below "the range of competence demanded of attorneys in criminal cases." Wilson, 577 So.2d at 396 (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if "he would have insisted on going to trial if he had been correctly informed." Wilson, 577 So.2d at 396.
¶ 21. There is no indication in the record other than the allegations made by Richard in his brief that his attorney's performance was ineffective. The trial judge asked Richard specifically if he had been coerced or threatened into pleading guilty, and Richard answered in the negative. We hold that Richard has failed to meet his statutory burden of proof required to establish a prima facie showing. Richard has failed to show deficient performance. This issue is without merit.

4. WHETHER THE POLICE EXHIBITED BIAS AND PREJUDICE TOWARDS RICHARD AND WHETHER THE POLICE WITHHELD HIS VOLUNTARY CONFESSION FROM DISCOVERY.
¶ 22. Richard claims the State failed to disclose exculpatory information contained in his first confession given to the police following his arrest. Richard also claims that law enforcement exhibited bias and prejudice towards him which resulted in him not receiving a fair trial. None of the allegations asserted by Richard are supported by the record transcript. Richard provides no affidavits to support or substantiate the allegations. After a careful examination, we find that the claims included in Richard's post-conviction motion were either waived by his valid guilty plea or contradicted by the record. As a result, we affirm the trial court's dismissal of Richard's post-conviction relief.
¶ 23. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. *1038 COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.