GRIFFIS, P.J.,
for the Court:
¶ 1. James Orlando Houston filed his second motion for post-conviction collateral relief in the Newton County Circuit Court, which dismissed the motion, finding it was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2011). We find no error and affirm.
FACTS
¶2. Houston pleaded guilty to murder and armed robbery on February 25, 1997. On August 13, 1998, Houston filed his first motion for post-conviction collateral relief. After conducting an evidentiary hearing, the circuit court denied the motion.
¶ 3. On May 23, 2000, this Court affirmed the circuit court’s denial of the motion for post-conviction collateral relief. Houston v. State, 776 So.2d 695, 698 (¶ 15) (Miss.Ct.App.2000). Houston argued in his first motion that both his confession and subsequent guilty plea were coerced and involuntarily given. Id. at 696 (¶ 6).
¶ 4. On February 18, 2011, Houston filed a “Motion to Vacate and Set-Aside Conviction and Sentence,” which the circuit court treated as a motion for post conviction collateral relief. The circuit court dismissed the motion finding it was procedurally barred as a successive writ. See Miss. Code Ann. § 99-39-23. Houston now appeals the circuit court’s dismissal of his motion.
STANDARD OF REVIEW
¶ 5. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the circuit court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
*709 ANALYSIS
¶ 6. The circuit court properly dismissed Houston’s motion for post-conviction collateral relief because the motion is procedurally barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief Act. However, there are exceptions listed in the statute to this bar:
Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Id.

¶ 7. Here, Houston’s first motion for post-conviction collateral relief was denied by the circuit court in 1998. This Court affirmed the circuit court’s denial in 2000. Houston, 776 So.2d at 698 (¶ 15). Because Houston fails to show that he meets one of the listed exceptions in section 99-39-23(6), his subsequent motion is procedurally barred as a successive writ.
¶ 8. Houston argues that we should waive any procedural bars because his fundamental rights are implicated. However, we find no merit to his claim that his fundamental rights have been violated. Houston claims he received ineffective assistance of counsel based on his assertion that his confession and subsequent guilty plea were involuntary. But Houston, in his first motion for post-conviction collateral relief, previously raised his claim that both his confession and guilty plea were involuntarily given. This Court has already examined this issue and found no error. Houston, 776 So.2d at 698 (¶ 15).
■ ¶ 9. Furthermore, the circuit court found that Houston’s motion for post-conviction collateral relief was procedurally barred as untimely filed. Mississippi Code Annotated section 99-39-5(2) (Supp.2011) provides a prisoner three years in which to file a motion for post-conviction collateral relief. In cases of a guilty plea, the three-year statute of limitations begins to run “after entry of the judgment of conviction.” Id. Houston failed to file his motion within the three-year statute of limitations.
¶ 10. Notwithstanding the procedural bar as a successive writ and untimely filed, we also find Houston’s claim lack merit. Houston attempts to tie his ineffective-assistance-of-counsel claim to his claim that he is “actually innocent.” However, Houston offers no evidence to support this claim, nor does he relate this claim to his counsel’s allegedly deficient performance. Further, Houston does not support his claims with sworn affidavits, but only with his uncorroborated allegations. Houston contends the physical evidence in the case does not link him to the crime. This Court has found: “A valid guilty plea waives the right to challenge the sufficiency of the State’s evidence.” Grissom v. State, 66 So.3d 1280, 1282 (¶ 6) (Miss.Ct.App.2011). This Court has previously found Houston’s guilty plea to be valid. Houston, 776 So.2d at 698 (¶ 15).
*710 ¶ 11. Accordingly, the circuit court s dismissal of Houston’s motion for post-conviction collateral relief is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.