725 So.2d 922 (1998)
George T. SMITH a/k/a George Thomas Smith, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-00819 COA
Court of Appeals of Mississippi.
June 16, 1998.
Rehearing Denied September 1, 1998.
*923 Nathan Henry Elmore, Thomas M. Fortner, Robert M. Ryan, Jackson, for Appellant.
Office Of The Attorney General by Pat S. Flynn, Jackson, for Appellee.
Before THOMAS, P.J., and COLEMAN and HINKEBEIN, JJ.
HINKEBEIN, Judge, for the Court:
¶ 1. George T. Smith [hereinafter Smith] was convicted in the Hinds County Circuit Court of the burglary of a dwelling house and sentenced to ten years imprisonment. Aggrieved by his conviction Smith assigns the following points of error to the trial court's judgment:
I. THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY ALLOWING OFFICER JOE REED TO RENDER INCOMPETENT OPINION TESTIMONY BEFORE THE TRIAL JURY CONCERNING A COMPARISON OF A TENNIS SHOE PRINT FOUND AT THE CRIME SCENE WITH SHOES FOUND AT SMITH'S RESIDENCE AS REED HAD NOT BEEN OFFERED, *924 QUALIFIED AND TENDERED AS AN EXPERT IN ANY SUCH FIELD OF EXPERTISE, BEING IN VIOLATION OF RULES 701 AND 702, MISSISSIPPI RULES OF EVIDENCE, AND FURTHER, REED'S TESTIMONY INVADED THE PROVINCE OF THE TRIAL JURY.
II. THE TRIAL COURT ERRED IN REFUSING SMITH'S REQUESTED LESSER INSTRUCTION FOR PETIT LARCENY AS THE SAME WAS SUPPORTED BY THE EVIDENCE PRODUCED AT TRIAL AND THE DENIAL UNFAIRLY PROHIBITED SMITH FROM PRESENTING HIS DEFENSE THEORY OF THE CASE TO THE TRIAL JURY AND AS A RESULT THEREOF, SMITH WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FUNDAMENTALLY FAIR TRIAL.
III. THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR IN CHARGING THE TRIAL JURY WITH A LESSER INSTRUCTION OF BURGLARY OF A BUILDING OTHER THAN A DWELLING AS SMITH HAD NOT BEEN FORMALLY CHARGED WITH THAT OFFENSE BY GRAND JURY INDICTMENT AND SUCH CHARGE, AMONG OTHER THINGS, WAS TANTAMOUNT TO AN IMPROPER COMMENT ON THE WEIGHT OF THE EVIDENCE AND AS A RESULT THEREOF, SMITH WAS UNFAIRLY PREJUDICED AND DENIED A FUNDAMENTALLY FAIR TRIAL.
Holding Smith's assignments of error to be without merit, we affirm the judgment of the trial court.

FACTS
¶ 2. On the evening of October 13, 1995 Xavier Porter [hereinafter victim] and his girlfriend were in the process of transporting the victim's belongings to a house that he was moving into on Sidway Street in Jackson, Mississippi. After spending the evening moving his property into his new residence, the victim and his girlfriend locked up the house and left the premises at approximately 11:00 p.m. The victim returned home to spend the night in the house that he was in the process of moving out of. When the victim returned to the Sidway Street house the next morning he observed that the rear door had been kicked in and that some of the items he had moved into the home the previous night were missing. After discussing the matter with his friends and family the victim began to suspect that Smith (who lived nearby) was the perpetrator.
¶ 3. Officer Joe Reed of the Jackson Police Department investigated the burglary at issue. At the crime scene Officer Reed observed that the rear door had a shoe print on it which apparently had been made by the perpetrator when he kicked the door in. Following up on the victim's suggestion Officer Reed went to Smith's home to ask Smith about the burglary. At Smith's house Officer Reed observed several articles of property fitting the description of the items taken from the victim's house. Officer Reed also observed a pair of tennis shoes that appeared to have the same pattern sole as had produced shoe print that he observed on the rear door of the victim's house. Officer Reed arrested Smith and charged him with burglary of a dwelling house. Smith was subsequently indicted and convicted of the same charge. It is from this conviction that the instant appeal is taken.

ANALYSIS

I. THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY ALLOWING OFFICER JOE REED TO RENDER INCOMPETENT OPINION TESTIMONY BEFORE THE TRIAL JURY CONCERNING A COMPARISON OF A TENNIS SHOE PRINT FOUND AT THE CRIME SCENE WITH SHOES FOUND AT SMITH'S RESIDENCE AS REED HAD NOT BEEN OFFERED, QUALIFIED AND TENDERED AS AN EXPERT IN ANY SUCH FIELD OF EXPERTISE, BEING IN VIOLATION OF RULES 701 AND 702, MISSISSIPPI RULES OF *925 EVIDENCE, AND FURTHER, REED'S TESTIMONY INVADED THE PROVINCE OF THE TRIAL JURY.
¶ 4. With this assignment of error Smith argues that the trial court committed reversible error in allowing Office Joe Reed to testify, over Smith's objection, that the shoe print on the back door of the victim's house appeared to be from the "same pattern" shoe as those Officer Reed observed at Smith's residence. Smith strenuously argues that Officer Reed's testimony concerning the shoe print pattern amounted to expert opinion testimony governed by Rule 702 of the Mississippi Rules of Evidence and was not lay witness opinion testimony admissible under Rule 701. It is Smith's contention that Officer Reed's testimony, as Rule 702 expert opinion testimony, should not have been admitted because Officer Reed had not been offered, qualified, and tendered as an expert witness.
¶ 5. The State responds that the testimony in question was Rule 701 opinion testimony by a lay witness; therefore, Officer Smith need not have been qualified as an expert witness prior to rendering the testimony at issue. Under the State's theory of the case Officer Smith's testimony was "limited to an inference rationally based on his own perception and it was helpful to the determination of a fact in issue." The State concludes that Officer Reed's testimony was not governed by Rule 702 because "no special expertise, skill, training or experience was necessary to see that the patterns matched. This was no more an `expert' opinion than would be the testimony of any eyewitness that two people were wearing shirts with the same pattern and colors, or had the same haircut, or were the same height." Accordingly, it is the State's contention that the trial court's decision to allow Officer Reed to render his opinion regarding the shoe print patterns as a lay witness under Rule 701 was not an abuse of discretion.
¶ 6. Under Rule 701 of the Mississippi Rules of Evidence a lay witness is permitted to give opinion testimony in certain limited circumstances. Newsom v. State, 629 So.2d 611, 614 (Miss.1993). If the witness is not testifying as an expert under Rule 702 his testimony in the form of opinions or inferences is limited to "those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact in issue." See Wells v. State, 604 So.2d 271, 278 (Miss.1992) (quoting Rule 701 for conditions which must be satisfied for lay opinion testimony to be admissible). Numerous Mississippi Supreme Court cases have held that both of these requirements must be satisfied if the lay opinion is to be admissible under Rule 701. E.g., Wells, 604 So.2d at 278. Allowing lay witnesses to give testimony in the form of opinions or inferences is, of course, a departure from our pre-rules practice "when lay opinions were generally excluded." Newsom, 629 So.2d at 614. Rule 701 is based on our recognition that there is often too thin a line between fact and opinion to determine which is which. Wells, 604 So.2d at 278. In contrast to the lay opinion testimony admissible under Rule 701, where "in order to express the opinion, the witness must possess some experience or expertise beyond that of the average, randomly selected adult, it is a M.R.E Rule 702 opinion and not a Rule 701[lay] opinion." See Cotton v. State, 675 So.2d 308, 311 (Miss.1996) (citing cases for proposition that Rule 701 lay opinions require no specialized knowledge, whereas testimony requiring particular knowledge to assist trier of fact is expert testimony governed by Rule 702). Rule 701 allows a layperson to testify as to his opinion on matters of which he has first-hand knowledge which other laypeople do not have. Wells, 604 So.2d at 279.
¶ 7. In the case at bar the trial court allowed Officer Reed to testify that the shoe print he observed on the kicked-in back door of the victim's house was, in his opinion, of the "same pattern" as that found on the sole of a pair of shoes he observed at Smith's house. Officer Reed did not testify that the shoe print in question was actually made by the shoes in Smith's possession, a conclusion which most certainly would have required specialized knowledge, i.e., an expert opinion under Rule 702. Accordingly, it is this Court's conclusion that Officer Reed's testimony regarding the shoe print patterns was *926 lay opinion testimony admissible under Rule 701. As correctly argued by the State, Officer Reed's observations concerning the shoe print patterns did not require any specialized knowledge to assist the trier of fact. On the contrary, Officer Reed's testimony was nothing more than his first-hand observation, rationally based on his personal perceptions. Officer Reed's opinion was also helpful to the jury in resolving the important factual issue of whether Smith was the person who kicked in the victim's back door. We therefore hold that the substance of Officer Reed's testimony satisfied both requirements for admissibility as a lay opinion under Rule 701; the trial court did not abuse its discretion in admitting Officer Reed's testimony. See Hall v. State, 611 So.2d 915, 918 (Miss.1992) (stating that admissibility of evidence rests within trial court's sound discretion). This assignment of error is without merit.

II. THE TRIAL COURT ERRED IN REFUSING SMITH'S REQUESTED LESSER INSTRUCTION FOR PETIT LARCENY AS THE SAME WAS SUPPORTED BY THE EVIDENCE PRODUCED AT TRIAL AND THE DENIAL UNFAIRLY PROHIBITED SMITH FROM PRESENTING HIS DEFENSE THEORY OF THE CASE TO THE TRIAL JURY AND AS A RESULT THEREOF, SMITH WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FUNDAMENTALLY FAIR TRIAL.
¶ 8. With this assignment of error Smith argues that petit larceny is a lesser-included-offense[1] to burglary of a dwelling house, the crime for which he was on trial. Smith argues that "[t]here exists a sufficient evidentiary basis in the record to warrant the granting of a lesser offense instruction of the charge exhibited in the indictment, and, further, there is ample justification when considering the great disparity of sentences which favors the giving of the lesser instruction." Smith further contends that his "uncontradicted testimony, standing alone, was [a] sufficient basis for the trial judge to grant the lesser offense charge to the jury." Accordingly, Smith contends that the trial court's denial of his proposed jury instruction D-10A was reversible error in that it "denied Smith his fundamental right to have his theory of the case presented to the jury for consideration."
¶ 9. The State responds that "[i]n order to even be a lesser constituent offense there has got to be some similarity in the elements of the two crimes. Where is the similarity in the elements of burglary and petit larceny?" It is the State's position that "[i]n the present case, the crime of petit larceny is not encompassed in the indicted crime and it cannot be a lesser-included-offense. The elements of the two crimes are distinct and separate; they have no common nucleus and, therefore, petit larceny cannot be a lesser offense." The State concludes that "there was no evidence to justify the instruction on petit larceny ... [t]he trial court was right in excluding it."
¶ 10. Under Mississippi law an appellate court will affirm a trial court's denial of a defendant's request for a lesser-included-offense instruction
[o]nly if this Court can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, and considering that the jury may not be required to believe any evidence offered by the State, that no hypothetical, reasonable jury could convict ... the defendant of [the lesser-included-offense]....
Perry v. State, 637 So.2d 871, 877 (Miss. 1994). In determining whether an offense is a lesser-included-offense of a greater offense "the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser[-]included[-]offense." Collins v. State, 691 So.2d 918, 925 (Miss.1997). Failure to give the jury a lesser-included-offense instruction *927 when such instruction is supported by the evidence at trial "forces the jury, when it has [only] the choice between finding the defendant guilty of something or allowing him to go free, to convict a defendant of a greater offense when he could possibly only be guilty of a lesser crime." Boyd v. State, 557 So.2d 1178, 1181 (Miss.1989). As such, a trial court's refusal to grant a defendant's properly requested lesser-included-offense instruction, which is a correct statement of the law and supported by sufficient evidence, constitutes reversible error. Warren v. State, 709 So.2d 415 (Miss.1998).
¶ 11. Under the facts at bar Smith was on trial for having violated Section 97-17-19 of the Mississippi Code, a now-repealed statute proscribing the breaking and entering of a dwelling house. Section 97-17-19 provided that "[e]very person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary...." Miss.Code Ann. § 97-17-19 (Rev.1994). At trial Smith argued that petit larceny was a lesser-included-offense to burglary of a dwelling house. The petit larceny statute applicable at the time of the events in question defined petit larceny as when "any person shall feloniously take, steal and carry away any personal property of another under the value of [t]wo [h]undred [f]ifty [d]ollars...." Miss.Code Ann. § 97-17-43 (Rev. 1994).
¶ 12. Our comparison of these statutes reveals that they are separate and distinct crimes. Smith's allegedly "greater" offense of burglary of a dwelling house required only that the defendant break and enter with the "intent to commit a crime." Miss.Code Ann. § 97-17-19 (Rev.1994). On the other hand, petit larceny required that the defendant actually "steal and carry away ... personal property of another." Miss.Code Ann. § 97-17-43 (Rev.1994). Accordingly, it is the conclusion of this Court that petit larceny was not a lesser-included-offense to burglary of a dwelling house because satisfying all of the essential elements of the burglary statute would not automatically satisfy the essential elements of petit larceny. See Collins v. State, 691 So.2d 918, 925 (Miss.1997) (explaining that in order for one offense to be lesser-included-offense of greater offense "the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser [-] included[-]offense."). Accordingly, we hold that the trial court was correct as a matter of law in denying Smith's request that this so-called "lesser instruction" be given to the jury. This assignment of error is without merit.

III. THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR IN CHARGING THE TRIAL JURY WITH A LESSER INSTRUCTION OF BURGLARY OF A BUILDING OTHER THAN A DWELLING AS SMITH HAD NOT BEEN FORMALLY CHARGED WITH THAT OFFENSE BY GRAND JURY INDICTMENT AND SUCH CHARGE, AMONG OTHER THINGS, WAS TANTAMOUNT TO AN IMPROPER COMMENT ON THE WEIGHT OF THE EVIDENCE AND AS A RESULT THEREOF, SMITH WAS UNFAIRLY PREJUDICED AND DENIED A FUNDAMENTALLY FAIR TRIAL.
¶ 13. With his final assignment of error Smith argues that the trial court committed reversible error in granting the State's instruction S-4 over his objections. Smith contends that instruction S-4 was not a lesser-included-offense instruction, as the State characterized it before the trial court, but in fact amounted to an impermissible substantive amendment to the indictment against him. Smith points out that S-4 gave the jury the option of finding him guilty of "burglary of a building other than a dwelling house," while the offense for which he was indicted was "burglary of a dwelling house." Smith argues that the trial court's granting of S-4 "created a situation whereby Smith could very well have been convicted and sentenced to imprisonment for a crime with which he had never been formally charged." Smith contends that the case of Woods v. State, 186 Miss. 463, 464, 191 So. 283, 284 (1939) is directly on point to the legal issues at bar because it held that a trial court's *928 amendment of an indictment from burglary of a dwelling house to burglary of a building other than a dwelling house constituted reversible error. Smith concludes that "the constructive amendment of the indictment was error and could never be acceptable as harmless error" because it violated his Fifth Amendment right to be tried only for the offense for which he was under indictment, and violated his Sixth Amendment procedural due process right to sufficient notice of the specific charges against him.
¶ 14. The State acknowledges that the cases cited by Smith hold that trial courts may not make substantive amendments to indictments and that only grand juries have the authority to make such substantive amendments. To these authorities the State responds that "Smith might have a valid argument here if he had been convicted of the lesser crime," but that none of Smith's cited authorities "are on point here since the jury obviously rejected the alternative of convicting Smith of a lesser charge and found him guilty of the original charge of burglary of an occupied dwelling." While the State admits that "[Smith] is right in his argument that burglary of a dwelling is a separate and distinct charge from burglary of a building other than a dwelling," it contends that the constructive amendment of the indictment against Smith was harmless error because "[t]he jury did not convict Smith of a crime never charged; they convicted Smith of the crime for which he was charged in the indictment. There is absolutely no way, under the facts of this case, that the error could be other than harmless." We agree with the State.
¶ 15. In the case at bar Smith was indicted for his alleged violation of Section 97-17-19 of the Mississippi Code, a section which proscribed the burglary of a dwelling house. At trial the judge granted the State's instruction S-4 under the guise of it merely being a lesser-included-offense instruction. S-4 having been given by the trial court, the jury then had the option of convicting Smith of either burglary of a dwelling house under Section 97-17-19 (the crime for which he was indicted), or of the burglary of a building other than a dwelling house under Section 97-17-33, a crime for which Smith had not been indicted. Smith contends that the trial court's granting of instruction S-4 amounted to a constructive amendment to the indictment against him because Section 97-17-33 is not a lesser-included-offense to Section 97-17-19.
¶ 16. As explained in our disposition of Smith's second assignment of error, in order for one offense to be a lesser-included-offense of another offense "the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser[-]included[-]offense." Collins v. State, 691 So.2d 918, 925 (Miss.1997). Because Section 97-17-19 requires that the breaking and entering have been of a "dwelling house" and Section 97-17-33 requires that the breaking and entering have been of a building other than a "dwelling house," satisfaction of the essential elements of 99-17-19 (the allegedly "greater" offense) would not automatically satisfy all of the essential elements of 97-17-33 (the allegedly "lesser" offense). Accordingly, we hold these statutes to be separate and distinct crimes and that 97-17-33 is not a lesser-included-offense to 97-17-19, a point which the State has conceded on appeal. See Woods v. State, 186 Miss. at 464, 191 So. at 284 (holding burglary of dwelling house to be separate and distinct offense from burglary of building other than dwelling house). Because instruction S-4 was not a lesser-included-offense instruction, we hold that Smith is correct in characterizing it as a constructive amendment to the indictment against him. We must now determine whether such amendment was within the power of the trial court.
¶ 17. Mirroring Federal decisions in this area, the Mississippi Supreme Court has held that trial courts are allowed to amend indictments "if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment." Eakes v. State, 665 So.2d 852, 859 (Miss. 1995). The Mississippi Supreme Court has held, however, that all substantive amendments to indictments must be made by a grand jury. Eakes, 665 So.2d at 859. The *929 test for whether an amendment to an indictment is substantive (and therefore prejudicial) is "whether the defense as it originally stood would be equally available after the amendment is made." Id. at 859-60. Smith contends that the trial court's amendment was substantive because it relieved the State of having to prove that the structure Smith allegedly broke into was a "dwelling house." Smith points out that at trial he put on proof tending to show that the structure in question was not a "dwelling house" because the victim had not yet moved into it so as to establish the structure as his domicile. The trial transcript reveals that after raising some doubt as to whether the structure in question was a "dwelling house" under Section 97-17-19, Smith made a motion for a directed verdict on the basis that the essential element of burglary of a "dwelling house" had not been proven beyond a reasonable doubt by the State. The trial court denied Smith's motion.
¶ 18. In support of Smith's argument that a trial court's amendment of an indictment from burglary of a dwelling house to burglary of a building other than a dwelling house is reversible error, Smith relies heavily upon the case of Woods v. State, 186 Miss. at 464, 191 So. at 284 (1939). Although we agree with the general principles delineated in Woods and therefore hold that the trial court below was in error for making a constructive amendment to the indictment, we also note that Smith was not convicted under the amended portion of the indictment. Smith was convicted and sentenced for burglary of a dwelling house, the crime for which he had been indicted by a grand jury. Accordingly, it is the holding of this Court that Smith has failed to demonstrate that he was prejudiced by the trial court's error because the constructively amended indictment did not actually result in his being convicted of an unindicted offense. Therefore, we hold that the trial court's error was harmless. See Gollott v. State, 672 So.2d 744, 751 (Miss. 1996) (holding that assertions of error without corresponding showing of error do not trigger reversal). This assignment of error is without merit.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, PAYNE and SOUTHWICK, JJ., concur.
KING, J., not participating.
NOTES
[1] Although Smith's brief repeatedly employs the term "lesser offense" rather than "lesser-included-offense," we note that all Mississippi Supreme Court cases cited in Smith's brief use these terms interchangeably. This Court has opted to use the term "lesser-included-offense" in this opinion as we feel that it more accurately describes the issue before us.