766 So.2d 111 (2000)
Charles NANCE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00539-COA.
Court of Appeals of Mississippi.
September 5, 2000.
*112 Charles Nance, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorneys for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. Charles Nance pled guilty to sale of cocaine and was sentenced to fourteen years in the custody and control of the Mississippi Department of Corrections. Approximately one and one-half years later, Nance petitioned the Clay County Circuit Court for post-conviction relief, which was denied after an evidentiary hearing. Nance appeals, claiming numerous errors summarized as follows: he received ineffective assistance of counsel; the indictment was defective; the trial court erred by not allowing his witnesses to testify; the trial court erred by not invoking the "sequester rule"; the trial court should have appointed counsel to represent Nance in the evidentiary hearing; the trial court erred in not ruling on his summary judgment motion; and the trial court should have taken "judicial notice of plain and prejudicial error upon hearing testimony of counsel." Finding no error, we affirm.

FACTS
¶ 2. On July 21, 1994, Charles Nance pled guilty to sale of cocaine in exchange for the State's recommendation of a fourteen year sentence, a $1,000 fine, and the retiring of other charges pending in Clay and Oktibbeha Counties. The State also agreed not to seek sentencing Nance as an habitual offender. November 12, 1996, Nance petitioned the trial court for post-conviction relief (PCR) claiming ineffective assistance of counsel and citing numerous trial court errors. After an evidentiary hearing held in January 1999, the trial court denied Nance's PCR petition.

LAW AND ANALYSIS
¶ 3. As a threshold matter, Nance claims that his ability to properly argue this appeal has been severely compromised by a lack of a transcript of the evidentiary hearing. He argues the blame for lack of a transcript "belongs entirely [to] the State." He is wrong. Nance listed the transcript of the evidentiary hearing in his designation of the record which he filed in accordance with M.R.A.P. 10(b)(1). However, Nance failed to serve the designation of record upon the court reporter as required in M.R.A.P. 10(b)(1). The failure to procure a transcript, therefore, rests entirely upon Nance.

I. DID NANCE RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Nance specifically claims that his attorney failed to object to a faulty indictment, gave him erroneous advice regarding *113 the Truth in Sentencing Law, and withheld certain discovery information disclosed by the State. To prevail on his claim of ineffective assistance of counsel, Nance must show that his attorney's performance was deficient and that but for the deficient performance the proceeding's outcome would likely be different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Keeping this standard in mind, we turn to each of Nance's ineffective assistance claims.

1. Did counsel's failure to object to the faulty indictment constitute ineffective assistance?
¶ 5. Nance particularly complains that the portion of the indictment charging him as an habitual offender was defective because it did not conclude with the words "against the peace and dignity of the State of Mississippi." He argues that his attorney was ineffective for allowing him to plead guilty to a defective indictment, and that he would not have pled guilty had he known he could not be sentenced as an habitual offender as charged in the defective indictment. The trial court rejected this claim because Nance was not convicted under the habitual offender portion of the indictment.
¶ 6. We rejected an identical argument in Buford v. State, 756 So.2d 815 (Miss.Ct. App.2000). In Buford we held that the indictment was defective in a formal sense only and could have been easily curable by amendment. Id. at (¶ 6) (citing Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995)). We further held that the failure to timely demur to a defect in the portion of the indictment charging habitual offender status constituted a waiver of the defect. Id. Nance failed to timely demur to the defect, and since the defect was easily curable by amendment, Buford's attorney was not ineffective for allowing his client to plead guilty to the defective indictment. Id. at (¶ 8).

2. Did counsel erroneously advise Nance regarding the "85% rule?"
¶ 7. Nance claims that his attorney told him that if he did not plead guilty, he would possibly face sentencing under Miss. Code Ann. § 47-5-138(5) (Supp.1999), which requires that a convicted person serve at least 85% of his sentence before being eligible for earned time release. Nance's attorney and his attorney's law clerk testified that they did not advise Nance that he would be subject to the 85% rule if he insisted upon a trial. The trial court rejected Nance's testimony that his attorney advised him that he would be sentenced under § 47-5-138(5) if he did not plead guilty. The trial court noted in its order denying PCR that the 85% rule was not passed until approximately one year after Nance pled guilty; thus, it is improbable that Nance's attorney threatened him with the rule. We can only reverse the trial court's ruling on PCR "if it is against the overwhelming weight of the evidence or if it constitutes an abuse of discretion." Davis v. State, 723 So.2d 1197 (¶ 10) (Miss.Ct.App.1998) (citing Billiot v. State, 655 So.2d 1, 12 (Miss.1995)). Under this highly deferential standard of review, we find no error.

3. Did counsel withhold certain discovery information from Nance?
¶ 8. Nance argues that his attorney provided ineffective assistance because he withheld information regarding a video which, Nance claims, would have proven he did not commit the crime. We have reviewed Nance's PCR petition and his amended PCR petition and have found no reference to a possibly exculpatory video. Since Nance did not raise this issue below, he may not now "plow new ground on appeal" of his PCR petition. Taylor v. State, 682 So.2d 359, 362 (Miss.1996). This ground is without merit.

II. DID THE TRIAL COURT COMMIT ERROR?

*114 1. Did the trial court err by not allowing Nance's witnesses to testify?

¶ 9. Nance argues that his witnesses were not allowed to testify at the evidentiary hearing. He notes that he cannot support this claim because of the lack of the transcript of the evidentiary hearing. Nance bears the burden of showing that the record contains evidence sufficient to support his assignments of error on appeal. Underwood v. State, 708 So.2d 18 (¶ 22) (Miss.1998). Since he did not serve his designation of record upon the court reporter, the failure to obtain a transcript of the hearing rests with Nance. Instead of proceeding with his appeal without a transcript, Nance had time to rectify his mistake and serve the designation on the court reporter. "We have repeatedly stressed that the necessary transcripts are to be made a part of the record, and that the appellant bears the burden of presenting a record which is sufficient to undergird his assignments of error." Williams v. State, 522 So.2d 201, 209 (Miss.1988).
¶ 10. Nance also notes that Miss.Code Ann. § 99-39-23(3) (Supp.1999) entitles him to "subpoena witnesses and compel their attendance" at the evidentiary hearing. There is no evidence that Nance attempted to exercise this right. Nance failed in his burden to show that the record supports his assignments of error; thus, we cannot determine that Nance was denied the opportunity to present witnesses at the hearing.

2. Did the trial court err by not invoking the "sequester rule?"
¶ 11. Nance particularly complains that the court allowed his attorney and the attorney's law clerk to remain in the courtroom during each other's testimony. M.R.E. 615 provides that: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses ...." (emphasis added). Nance did not invoke the rule providing for witness exclusion; instead, he bases his argument on the erroneous assumption that the trial court had a duty to invoke the rule. The trial court may order witness exclusion on its own motion, but it is not required to do so. Id. This assignment of error is without merit.

3. Did the trial court err by not appointing counsel to represent Nance in the evidentiary hearing?
¶ 12. Nance acknowledges that he does not have an absolute right to court appointed counsel at a PCR evidentiary hearing; however, he urges this Court to act with "fairness" in considering this issue. The trial court may appoint counsel to represent an indigent defendant in a PCR evidentiary hearing. Miss.Code Ann. § 99-39-23(1) (Supp.1999). However, "a criminal defendant has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings. Moore v. State, 587 So.2d 1193, 1195 (Miss. 1991). This assignment of error is without merit.

4. Did the trial court err in not ruling on Nance's summary judgment motion?
¶ 13. Nance filed a summary judgment motion in this case, served it on the district attorney, and provided a copy to the trial court judge. There is no evidence in the record, nor does Nance argue, that Nance attempted to set a hearing date for his motion. Further, there is no indication, either from the record or from Nance, that Nance mentioned his summary judgment motion at the evidentiary hearing. "It is the duty of the movant, when a motion or other pleading is filed... to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion...." URCCC 2.04. Further, "All dispositive motions shall be deemed abandoned unless heard at least ten days prior to trial." URCCC 4.03(5). Simply stated, Nance failed in his duty to pursue his summary judgment motion to fruition. This assignment is without merit.

*115 5. Should the trial court have taken judicial notice that counsel was ineffective?

¶ 14. McGee argues that the trial court erred because it did not judicially notice counsel's deficient performance after hearing testimony that counsel withheld information about the videotape. As stated above, there is no evidence in the record mentioning a videotape. Even if there were evidence regarding a videotape, whether counsel was ineffective is not an issue that the court could judicially notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." M.R.E. 201(b). The comments to M.R.E. 201(b) provide that if the fact is dubious or in controversy, judicial notice may not be taken. Whether counsel was ineffective was a fact in dispute. It is not a fact which could be judicially noticed. Thus, this assignment of error is without merit.
¶ 15. JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO CLAY COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.