881 So.2d 249 (2003)
Michael SHEFFIELD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-00559-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Rehearing Denied April 6, 2004.
*250 James A. Williams, Meridian, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. On November 20, 1997, Michael Sheffield was indicted on charges of burglary of a dwelling and grand larceny. Sheffield was tried and found guilty of burglary of a dwelling and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections as a habitual offender. Sheffield appealed, and the supreme court affirmed Sheffield's conviction. Sheffield v. State, 749 So.2d 123 (Miss.1999).
¶ 2. Sheffield filed a request in the supreme court for leave to file a motion for post-conviction relief in the trial court. The supreme court granted the request. After an evidentiary hearing, the trial *251 court denied the motion for post-conviction relief. Sheffield filed a motion for reconsideration of post-conviction collateral relief on March 11, 2002, which was denied by the trial court. Sheffield appeals that decision before this Court. We address the following four assignments of error:
I. WHETHER SHEFFIELD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
II. WHETHER SHEFFIELD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE POST-CONVICTION RELIEF HEARING.
III. WHETHER SHEFFIELD WAS ENTITLED TO A PLEA UNDER THE BUILDING BURGLARY STATUTE, OR ALTERNATIVELY, WHETHER SHEFFIELD SHOULD BE DISCHARGED.
IV. WHETHER THE TRIAL COURT SHOULD HAVE GRANTED SHEFFIELD'S MOTION FOR RECONSIDERATION.
¶ 3. Finding the issues raised by Sheffield procedurally barred and/or without merit, we affirm the trial court's denial of post-conviction relief.

FACTS
¶ 4. On August 27, 1999, Billy Joe Madison and his grandmother, Mary M. Carpenter, were outside Carpenter's home in Meridian, Mississippi. Madison was working in Carpenter's yard. They were approached by Sheffield, who asked Madison for a ride so Sheffield could take some items to another location in an effort to sell them. Madison agreed to Sheffield's request. Sheffield then asked to borrow a screwdriver. Madison thought this was a rather unusual request, so Madison told Sheffield that he had decided against giving him a ride. Undaunted, Sheffield next requested to use the telephone to call an antique store. After Sheffield called the antique store, he left Madison's presence and returned a short time later with two gas space heaters, which he placed in the back of Madison's truck. Madison told Sheffield to remove the heaters. Sheffield removed the heaters as instructed to a nearby yard. Carpenter and Madison next saw Sheffield leave the home of their neighbor, Lela Jolly, with two more heaters and carry those heaters to the same location as the other two. Next, they saw Sheffield leave the Jolly house with a white door. A pickup truck arrived and Sheffield loaded the door and the heaters onto the back of the truck.
¶ 5. The Jolly house had been vacant since 1994, when its owner, Lela Jolly, moved to a nursing home. The house was unfurnished except for a few miscellaneous items. The house was listed for sale with a local real estate broker, Robert E. Trotter. On the evening of August 27, Trotter arrived at the house to show it to a potential buyer. Trotter noticed broken glass on the back door and noted that some heaters were missing.
¶ 6. The next day, Madison was again working in his grandmother's yard. Sheffield approached him and asked for assistance. Madison told Sheffield that what he was doing was wrong. Sheffield said "it's no big deal" and returned to the Jolly house. The police were summoned and they arrested Sheffield.
¶ 7. At trial, Sheffield was represented by trial counsel who assumed a position as an assistant district attorney before the appeal was perfected. A new attorney was appointed who perfected Sheffield's direct appeal. Another attorney was assigned by the court to handle Sheffield's case on *252 post-conviction relief. After an evidentiary hearing, Sheffield's petition for post-conviction collateral relief was denied. Following the denial of post-conviction relief, Sheffield, pro se, submitted to the court a petition to reinstate guilty plea offer on February 27, 2002. The trial judge received the petition and transmitted it by letter to the attorney who was representing Sheffield at that time. The attorney filed a motion for reconsideration of post-conviction collateral relief on March 11, 2002, on behalf of Sheffield. On March 20, 2002, the trial judge entered an order denying the reconsideration motion on the basis there was no provision for such a rehearing in the Mississippi Rules of Civil Procedure. The trial judge ruled the only avenue for Sheffield to proceed under was Rule 59(e) or amend judgment pursuant to Rule 60. The trial judge ruled that the motion was not filed within ten days of the order of reconsideration; therefore, Rule 59(e) was not available for Sheffield. Sheffield's motion pursuant to Rule 60 was denied on the basis that none of Sheffield's assertions fell within the realm of Rule 60. Sheffield appeals the denial of post-conviction relief and the March 20, 2002, order denying the motion to reconsider.

LAW AND ANALYSIS

1. WHETHER SHEFFIELD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
¶ 8. Sheffield asserted in his motions for a directed verdict and JNOV that the State had failed to prove every essential element of the crime, and specifically challenged the State's proof that Sheffield broke into the Jolly home. Sheffield's motions were denied by the trial court.
¶ 9. On direct appeal to the Mississippi Supreme Court, Sheffield challenged the rulings on the ground that the State had failed to prove the house was a "dwelling." Sheffield 749 So.2d at 126(¶ 10). The Mississippi Supreme Court found the issue procedurally barred because Sheffield's motions failed to specifically address the State's failure to prove the "dwelling" element. Id at (¶ 10).
¶ 10. Following the direct appeal, the Mississippi Supreme Court granted Sheffield's request for an evidentiary hearing on a post-conviction collateral relief petition. At the evidentiary hearing, Sheffield argued that trial counsel's failure to specifically challenge the "dwelling" element constituted ineffective assistance of counsel. The trial court found the "dwelling" issue procedurally barred and denied relief because Sheffield's appellate counsel was different than his trial counsel. Therefore, a claim of ineffective assistance by trial counsel should have been asserted in Sheffield's direct appeal. The trial court held that the failure to assert the claim resulted in a waiver of the issue.
¶ 11. Feeling aggrieved, Sheffield appeals the adverse ruling on his petition for post-conviction relief. The State argues that Sheffield's appellate counsel failed to argue ineffective assistance of trial counsel on direct appeal. The State asserts that this failure by Sheffield's trial counsel has resulted in a waiver of the issue pursuant to Mississippi Code Annotated § 99-39-21(1) (Supp.2002), which provides:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a *253 showing of cause and actual prejudice grant relief from the waiver.
¶ 12. In Evans v. State, 485 So.2d 276, 281 (Miss.1986), the supreme court discussed the application of § 99-39-21(1) to a movant's claim of ineffective assistance of counsel. The court explained that "the right to the effective assistance of counsel, like any other constitutional right, may be waived. But before there can be a waiver, the defendant must have a meaningful and realistic opportunity to assert the right. If he is given that opportunity and he intelligently and voluntarily declines to assert the right, it is then waived." Id.
¶ 13. The Mississippi Supreme Court has repeatedly found that the defendant had a meaningful opportunity to raise effectiveness of counsel where the defendant was represented by different counsel on appeal than at trial, and where the defendant fails to allege cause or actual prejudice for not raising the issue on direct appeal. Moore v. State, 676 So.2d 244, 245 (Miss.1996); Lockett v. State, 614 So.2d 898, 903 (Miss.1992).
¶ 14. Sheffield's counsel at the trial court level and in his direct appeal to the Mississippi Supreme Court were two different attorneys. When the lawyer who handled Sheffield's appeal to the supreme court declined to raise the ineffectiveness of trial counsel, it resulted in a waiver for Sheffield on the issue. In this appeal, Sheffield does not challenge the effectiveness of appellate counsel for failure to raise the issue. This indicates to the Court that Sheffield views appellate counsel's decision against raising trial counsel's ineffectiveness as a tactical decision, because appellate counsel believed the supreme court would notice plain error in his direct appeal regarding the dwelling element.
¶ 15. The Court holds that Sheffield's argument is procedurally barred because he had a meaningful opportunity on direct appeal to raise trial counsel's error of specifically failing to address the dwelling element. Sheffield was given an opportunity to assert the claim but decided against it. Sheffield waived the claim and is procedurally barred from pursuing it.
¶ 16. Sheffield also argues that the Court should notice plain error because his claim of ineffective assistance of counsel has merit. To prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-pronged test from Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced the defendant. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong but rebuttable presumption that counsel's decisions were sound trial strategy. Id. at 969. To overcome the presumption, the defendant must show that but for counsel's deficiency, a different result would have occurred. Id. at 968. The reviewing court must examine the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 17. The alleged deficient performance is trial counsel's failure to specifically attack the State's proof of the dwelling element. Prejudice results from the failure to preserve the dwelling issue only if the issue affects the outcome of the trial. Williams v. State, 722 So.2d 447, 448(¶ 4) (Miss.1998). Sheffield cites the holding in Carr v. State, 770 So.2d 1025, 1030 (¶ 16) (Miss. Ct App.2000), where this Court stated that counsel's failure to specifically object to the State's proof of the dwelling issue in his motion for directed verdict and JNOV was plain error. However, it is important to note, the Mississippi Supreme Court did not choose to notice plain error in Sheffield's direct appeal after it found that the dwelling issue was procedurally barred. This Court is inclined to follow *254 the ruling of the Mississippi Supreme Court in Sheffield's direct appeal and finds no plain error in Sheffield's claim of ineffective assistance of counsel.
¶ 18. Aside from the procedural bar, itself a sufficient basis on which this Court might rest its resolution of Sheffield's first issue, this Court is of the opinion that the Jolly house was a dwelling contained within the purview of Mississippi Code Annotated Section 97-17-23 (Supp.2003). Therefore, Sheffield did not receive ineffective assistance based on counsel's failure to specifically object to the dwelling element.
¶ 19. Mississippi Code Annotated Section 97-17-23 (Supp.2003), describes the crime of burglary:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
A "dwelling" is defined as "every building joined to, immediately connected with, or being part of the dwelling house, shall be deemed the dwelling house." Miss.Code Ann. § 97-17-31 (Supp.2003). In Edwards v. State, 800 So.2d 454, 461 (¶ 11) (Miss.2001), the court held the intention of the dweller is material in determining whether a building is characterized as a dwelling under the statute. The house of a person who was confined to a nursing home is considered a dwelling if the house remains furnished and there is an intent to return. Course v. State, 469 So.2d 80, 82 (Miss.1985).
¶ 20. The trial court evaluated the merits of the ineffective assistance of counsel claim in its opinion denying post-conviction collateral relief. The court found that the Jolly house was a dwelling because the proof showed it was temporarily unoccupied due to the fact that Lela Jolly was in a nursing home. The court noted the absence of proof at trial of whether Jolly was regaining her health and intending to return, or whether her health was deteriorating and it was reasonable to assume she would never return. The trial court's findings are upheld. Houston v. State, 776 So.2d 695, 697 (¶ 13) (Miss.Ct.App.2000) (holding trial court findings are reviewed pursuant to the clearly erroneous standard).
¶ 21. The house was on the market to be sold as a dwelling. There were for sale signs posted in the yard and the house was being shown to potential purchasers by a real estate agent. There was clearly an intent by the owner that the house continue to function as a dwelling. Accordingly, Sheffield's claim is without merit.
¶ 22. Sheffield argues that it was impermissible for the jury to be instructed on the elements of burglary of a building other than a dwelling because it is not a lesser-included offense and the charge was not made part of his indictment. Sheffield is correct that burglary of a building other than a dwelling is not a lesser-included offense of burglary of a dwelling. Smith v. State, 725 So.2d 922, 929(¶ 16) (Miss.Ct.App.1998). In Smith, the Court held that the error of adding a constructive amendment to the indictment was harmless because Smith was not convicted on the added amendment's charge. Id. Instead, Smith was convicted on the charge of burglary of a dwelling and not burglary of a building other than a dwelling. Like Smith, Sheffield was convicted of burglary of a dwelling and not burglary of a building other than a dwelling. The jury instruction was harmless.

*255 2. WHETHER SHEFFIELD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE POST-CONVICTION RELIEF HEARING.
¶ 23. Sheffield's post-conviction relief counsel limited his argument to the above stated issue. The attorney stated that, in his opinion, the issues raised by Sheffield's pro se motion for post-conviction relief were frivolous and could not be ethically addressed. In this appeal, Sheffield argues that this was ineffective assistance of counsel.
¶ 24. A defendant has no state or federal right to counsel in post-conviction proceedings. Nance v. State, 766 So.2d 111, 114 (¶ 12) (Miss.2001). Counsel for indigent defendants are appointed at the trial court's discretion. Id. Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Wainwright v. Torna, 455 U.S. 586, 588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Therefore, Sheffield did not receive ineffective assistance of counsel when his attorney declined to address the issues raised by him in his pro se motion.

3. WHETHER SHEFFIELD WAS ENTITLED TO A PLEA UNDER THE BUILDING BURGLARY STATUTE, OR ALTERNATIVELY, WHETHER SHEFFIELD SHOULD BE DISCHARGED.
¶ 25. Sheffield rejected the State's offer of twenty-five years without parole, the maximum sentence for dwelling burglary as a non-violent habitual offender. Miss.Code Ann. § 99-19-81 (Supp.2003). Sheffield argues that, if the Court finds that counsel was ineffective for failure to preserve the dwelling issue, then the State must extend the identical plea offer under the building burglary statute. The offer would entitle Sheffield to a seven year sentence rather than the twenty-five year sentence. Miss.Code Ann. §§ 97-23-33 and 99-19-81 (Supp.2003). Sheffield argues that the State is required to make the plea offer to avoid a presumption of prosecutorial vindictiveness under Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).
¶ 26. Sheffield is procedurally barred from re-litigating the dwelling issue on appeal. Therefore, Sheffield's claim that he is entitled to a plea bargain under the statute of burglary of a building will not be addressed by this Court.

4. WHETHER THE TRIAL COURT ERRONEOUSLY DENIED SHEFFIELD'S MOTION FOR RECONSIDERATION.
¶ 27. The trial court's order denying post-conviction relief was entered on February 27, 2002. Sheffield filed his motion for reconsideration on March 11, 2002. The trial court received Sheffield's motions pursuant to Rules 59(e) and 60(b) of the Mississippi Rules of Civil Procedure.
¶ 28. Under Rule 60(b), Sheffield has six months to file his motions. Rule 60(b) motions for a new trial may be granted for: (1) fraud, misrepresentation or other misconduct of an adverse party; (2) accident or mistake; (3) the judgment is void; (4) the judgement has been satisfied, released or discharged, or a prior judgement upon which it was based has been reversed or otherwise vacated; (6) any other reason justifying relief from judgement. M.R.C.P. 60. The trial court held that the motion for reconsideration did not fit any of these categories.
¶ 29. Sheffield argues that the motion raised an issue of "miscarriage of justice," namely, that he was wrongly indicted for dwelling burglary. Sheffield was not wrongly indicted for burglary of a dwelling. Sheffield's Rule 60(b) motion, therefore, does not fall within any of the limited provisions of the rule as echoed by the *256 trial court's order denying post-conviction relief. No miscarriage of justice has occurred and Sheffield is not entitled to a new trial under Rule 60(b).
¶ 30. The trial court stated that Rule 59(e) motions to amend or alter judgment must be based on only three possible grounds: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; (3) need to correct clear error of law or prevent manifest injustice. M.R.C.P 59(e). The rule requires that the motion must be filed within ten days of judgement. The trial court found that Sheffield's motion was not timely filed.
¶ 31. Sheffield argues that the motion was timely filed under Mississippi Rule of Civil Procedure 6(a). The last day that Sheffield could file his Rule 59(e) motion was March 9, 2002, which fell on a Saturday. Rule 6(a) states, "the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday ... in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday." M.R.C.P. 6. We agree with Sheffield that the trial court erred in holding that his reconsideration motion was untimely filed within ten days as required by Rule 59. When the proper considerations are taken into account, the motion was timely. However, we observe that, before reaching that erroneous conclusion, the trial court had already determined that the movant had not shown the "[n]eed to correct a clear error of law or prevent manifest injustice." M.R.C.P 59(e) We construe that as a holding by the trial court that the reconsideration motion was without merit. This ruling on the merits of the motion makes the court's subsequent incorrect assertion that the motion was untimely nothing more than harmless error.
¶ 32. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., BRIDGES, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. KING, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, LEE AND IRVING, JJ.
KING, P.J., CONCURRING.
¶ 33. I agree with the majority that Sheffield's claim of ineffective assistance of counsel is waived under these facts. However, I write separately to express my strong disagreement with the majority's holding expressed in paragraph 18, that the Jolly home was a dwelling within the purview of Mississippi Code Annotated Section 97-17-23, which makes burglary of a dwelling a crime.
¶ 34. Under this State's burglary statute a dwelling is (1) a structure presently inhabited, or (2) a structure from which the regular inhabitants have temporarily absented themselves, with the intent to return. Carr v. State, 770 So.2d 1025(¶ 12) (Miss.Ct.App.2000); Pool v. State, 764 So.2d 440 (¶¶ 13, 15) (Miss.2000).
¶ 35. In this case the record reflects that the structure had been uninhabited and vacant for at least three years. There was no proof that the absence was temporary, or that the owner intended to return. Nor may it be inferred that the absence was a temporary one, and the owner intended to return. Indeed, the inference to be derived from the evidence was just the opposite, that being that the owner's absence was intended to be permanent.
¶ 36. The evidence was (1) that Mrs. Jolly, a widow, had been moved out of the home and into a nursing home because of age and ill health; (2) that, save for a few miscellaneous items, all of her property *257 had been moved out of the house; and (3) that the house had been listed with a realty company for sell, and a sign advertising this fact had been placed in the yard.
¶ 37. Given this state of the record, I am at a loss to understand the majority's holding that the house in this case was a dwelling.
¶ 38. Once the present owner vacated the house, with no indicated intention to return, it lost its character as a dwelling for purposes of the burglary statute. That characterization as a dwelling would not return until such time as the structure was again occupied.
SOUTHWICK, P.J., THOMAS, LEE AND IRVING, JJ., JOIN THIS OPINION.