SOUTHWICK, P.J.,
for the Court.
¶ 1. Larry Mitchell’s motion to vacate judgment of conviction and sentence was denied in circuit court. Aggrieved, Mitchell appeals to this Court. We find no error and affirm.
¶ 2. Mitchell was convicted in 1996 of burglary of an inhabited dwelling at night while armed with a deadly weapon, aggravated assault of Willie Keeler, and possession of a firearm by a convicted felon. Mitchell appealed to this Court. We reversed and rendered as to the burglary conviction and affirmed the remaining two charges. We found that Mitchell was incapable of committing burglary since the dwelling in question was his own home. Mitchell v. State, 720 So.2d 492, 494-95 (Miss.Ct.App.1998). The burglary conviction was reversed and judgment entered for Mitchell on that count, while the remaining convictions were affirmed. Id. at 495.
¶ 3. Mitchell’s later motion for post-conviction relief was dismissed by the circuit court. On appeal to the Supreme Court, the dismissal was vacated and remanded. The Supreme Court granted Mitchell’s request for leave to proceed in the trial court and ordered an evidentiary hearing.
¶4. Mitchell’s evidentiary hearing was on the issue of ineffective assistance of counsel. The circuit court appointed Mitchell an attorney for this hearing. Those testifying included Mitchell and the attorney representing him at his initial trial and his appeal before this Court, Allan Shackelford. The circuit court found that Mitchell had received effective assistance and denied Mitchell’s motion for post-conviction relief.
*1084 DISCUSSION

1. Ineffective assistance of counsel during post-conviction relief hearing

¶ 5. Mitchell argues that his appointed counsel was ineffective during his hearing for post-conviction relief. Mitchell claimed that he wished to present twelve errors to the judge and his counsel failed to do so during the hearing. Since this was a post-conviction evidentiary hearing, Mitchell had no constitutional guarantee to appointed counsel. Nance v. State, 766 So.2d 111, 114 (Miss.Ct.App.2000). Without a constitutional right to counsel, there can be no deprivation of effective assistance of counsel. Harris v. State, 704 So.2d 1286, 1289 (Miss.1997), relying on Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Therefore, this argument is without merit.

2. Ineffective assistance of counsel at trial and direct appeal

¶ 6. Mitchell also argues that he was not given effective assistance during his 1996 trial and appeal. He raises numerous alleged failures committed by counsel. Mitchell must show both that counsel’s performance was deficient and this deficiency was prejudicial to him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong but rebuttable presumption that counsel’s decisions were sound trial strategy. Leatherwood, 473 So.2d at 969. To overcome the presumption, Mitchell must show that but for counsel’s deficiency, a different result would have occurred. Id. at 968.
¶ 7. Mitchell claims he had twelve issues he wished to be raised during his evidentiary hearing. This list appeared in a letter from his appointed counsel for the evidentiary hearing. He contends that five of these issues were not presented before the circuit judge. After examination of the transcript, we find only one issue that was not discussed during the hearing. The omitted issue was whether self-defense should have been raised as a defense during trial. We also note that twice during the hearing, counsel asked Mitchell if there were any more errors to discuss during the hearing. Mitchell answered that there were not.
¶ 8. We have obtained a copy of the transcript from the original trial. One of Mitchell’s defenses was that his gun was fired after it had been hit by a bullet from Willie Keeler’s weapon. Mitchell’s firearm, with a handle that was broken allegedly as the result of Keeler’s shot, was admitted into evidence. This supported his theory that his gun was hit by a bullet and he fired as a result of the contact. Self-defense would have been an alternate theory as to why a bullet was fired from Mitchell’s gun. We find that the attorney’s decision to focus on the accidental discharge for which some evidence existed, rather than on self-defense, was within his professional discretion as to the theory of defense that would be most reasonable and believable to the jury. It was sound trial strategy under Leatherwood to focus on this theory. To argue self-defense as well would have presented an inconsistent theory that potentially would have made both unbelievable.
¶ 9. The other issues Mitchell raised do not prove that, but for a deficiency on the part of his attorney, there would have been a different outcome. These issues included statements made during closing argument and failure to make objections. During his closing statement, the attorney stated that it would be proper for the jury to convict Mitchell of being a felon in possession of a firearm. Mitchell *1085 had clearly admitted to having a weapon and that he was in fact a convicted felon. This too is deemed to be trial strategy. This count was likely the less severe of the three charges. His attorney was focusing on exonerating Mitchell on the two more serious charges.
¶ 10. At trial, attorney Shackel-ford was active in the jury selection and used his peremptory strikes. Mitchell’s counsel examined and cross-examined witnesses. He participated in the selection of jury instructions. He gave a thorough closing statement. He made a motion for a directed verdict of not guilty on each of the three counts against Mitchell. He polled the jury after it had given its verdict. Further, he timely appealed. Shackelford was not ineffective in his representation at trial.
¶ 11. Mitchell claims that his attorney was ineffective on appeal. However, his attorney filed a brief providing the Court with logical arguments. The brief resulted in this Court’s reversing one of the charges on which Mitchell had been found guilty. Mitchell has not convinced us that but for his counsel’s deficiency, a different result would have occurred. We affirm.
¶ 12. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COA-HOMA COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.