921 So.2d 1282 (2006)
Darnell COOK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00267-COA.
Court of Appeals of Mississippi.
February 21, 2006.
Darnell Cook, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. After having pleaded guilty to sale and transfer of a controlled substance, Darnell Cook filed a motion for post-conviction relief with the Lee County Circuit Court. After that motion was denied, Cook filed a motion pursuant to Rule 60(b) of the Mississippi Code of Civil Procedure, which the court also denied. Cook now appeals the denial of his 60(b) motion.
¶ 2. Finding no error, we affirm.

*1283 ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Although Cook frames his appeal on the grounds of ineffective assistance of counsel and the alleged involuntariness of his plea, we agree with the State that the only true issue in this case is whether Cook's Rule 60(b) motion was properly denied. Had Cook appealed the denial of his initial motion for post-conviction relief, we would analyze whether his counsel was ineffective or his plea involuntary. However, Cook filed no appeal from his motion for post-conviction relief, and instead chose to appeal the court's denial of his 60(b) motion.
¶ 4. Rule 60(b) provides an opportunity for relief from a judgment or order, but only where one of the following exists: fraud, accident or mistake, newly discovered evidence, void judgment, judgment has been satisfied or otherwise vacated, or any other reason justifying relief. When reviewing a lower court's denial of a Rule 60(b) motion, we will reverse only if the lower court abused its discretion in denying the motion. Askew v. Askew, 699 So.2d 515, 519(¶ 17) (Miss.1997) (citing Stringfellow v. Stringfellow, 451 So.2d 219 (Miss.1984); Clarke v. Burkle, 570 F.2d 824 (8th Cir.1978)). In order to succeed, Cook must show that "exceptional circumstances" warranted the granting of his motion. "[T]he general rule is that Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.... A party is not entitled to relief merely because he is unhappy with the judgment...." Stringfellow, 451 So.2d at 221 (citations omitted).
¶ 5. After reviewing the record and Cook's brief, we cannot find that "exceptional circumstances" existed sufficient to have compelled the granting of his Rule 60(b) motion. As pointed out by the State in its brief, "all of the grounds alleged in the Rule 60(b) motion were known to [Cook] at the time he filed his motion in post-conviction relief." In the order denying Cook's motion, the court below pointed out that Cook was seeking relief by "simply renaming" his motion for post-conviction relief as a Rule 60(b) motion. Cook has failed to show that any circumstances existed which necessitated the granting of his motion. Therefore, the lower court did not abuse its discretion when it denied Cook's Rule 60(b) motion.
¶ 6. The State also urges us to find that a Rule 60(b) motion will never have any place in a criminal case, since it is a civil remedy and "the functional equivalent of an application for post-conviction relief." Bruce v. Bruce, 587 So.2d 898, 904 (Miss. 1991). Although Rule 60(b) is most often applied in civil cases, Mississippi courts have applied Rule 60(b) in several criminal cases, and we decline to establish a rule preventing such application in all criminal cases. See Harris v. State, 578 So.2d 617, 619 (Miss.1991); Sheffield v. State, 881 So.2d 249, 255-56 (¶¶ 27-29) (Miss.Ct.App. 2003); Taylor v. State, 782 So.2d 166, 169 (¶ 7) (Miss.Ct.App.2000). However, by statute, a PCR motion must be filed as an original civil action. Miss.Code Ann. § 99-39-7 (Supp.2005).
¶ 7. In conclusion, we do not address whether Cook's counsel was ineffective or his plea involuntary because he did not file an appeal from the denial of his motion for post-conviction relief. Since we find that the court did not abuse its discretion in denying Cook's motion for relief under Rule 60(b), we affirm the decision of the court denying the motion.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
*1284 KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.